UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __3/1/2023____

SOPHIA P. PERNA,

                                        Plaintiff,

   -against-

SACRED HEART UNIVERSITY, INC.,
                                        Defendant.

22-cv-02284 (NSR)

ORDER & OPINION

NELSON S. ROMÁN, United States District Judge:

    Plaintiff Sophia P. Perna ("Plaintiff") brings this action against Sacred Heart University, Incorporated ("Defendant" or "Defendant University"), asserting a claim of common law negligence. (*See* ECF No. 1 ("Compl.")). Presently, before the Court is Defendant's motion to dismiss the Complaint for lack of personal jurisdiction, improper venue, and failure to state a claim upon which relief may be granted. (*See* ECF No. 13.) For the following reasons, the motion to dismiss based on lack of personal jurisdiction and improper venue is GRANTED, and Plaintiff's lawsuit is to be transferred to the United States District Court for the District of Connecticut pursuant to 28 U.S.C. § 1406(a).

## BACKGROUND

    The following facts as taken from Plaintiff's Complaint are accepted as true and construed in the light most favorable to Plaintiff for purposes of this motion.

    Plaintiff is a resident of the County of Putnam, New York. (Compl. ¶ 1). Defendant is a post-secondary institution organized as a corporation under the laws of the State of Connecticut, with its principal place of business in Fairfield, Connecticut. (ECF No. 14 ("Def's Br.")). Plaintiff was a registered student at Defendant University, residing in on-campus housing known as "JHill," as of April 14, 2019, the date of the incident in question. (Compl. ¶¶ 10, 14). Plaintiff commenced

1

this action March 22, 2022, claiming common law negligence based on her allegation that she sustained "severe and permanent personal injuries" after falling to the ground, having tripped over a chain suspended across the driveway outside of JHill. (*Id.* ¶¶ 17-18).

Defendant does not maintain any campus or office, own any real property, maintain bank accounts, have employees reporting to a location to, or hold any classes or academic programs in the State of New York. (Def's Br. at 5). Defendant participates in recruiting events and activities beyond the State of Connecticut, including in the State of New York. (*Id*). The State of New York is the home state of 37.9% of Defendant University's student body. (ECF No. 15 ("Pl.'s Opp.") at 9).

## LEGAL STANDARD

### I. Federal Rule 12(b)(2)

The lawful exercise of personal jurisdiction by a federal court requires satisfaction of three primary requirements." *Jonas v. Estate of Leven*, 116 F. Supp. 3d 314, 323-24 (S.D.N.Y. 2015) (citing *Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 673 F.3d 50, 59 (2d Cir. 2012)). First, "the plaintiffs service of process upon the defendant must have been procedurally proper"; second, "there must be a statutory basis for personal jurisdiction that renders such service of process effective"; and third, "the exercise of personal jurisdiction must comport with constitutional due process principles." *Licci ex re. Licci*, 673 F.3d at 59-60.

The plaintiff bears the burden of establishing jurisdiction and must make a prima facie showing that jurisdiction exists. *See Penguin Grp. (USA) Inc. v. Am. Buddha*, 609 F.3d 30, 34-35 (2d Cir. 2010). "Such a showing entails making legally sufficient allegations of jurisdiction, including an averment of facts that, if credited[,] would suffice to establish jurisdiction over the defendant." *Id*. at 35 (internal quotation marks omitted). The plaintiff must also "establish the

court's jurisdiction with respect to each claim asserted." *Sunward Elecs., Inc. v. McDonald*, 362 F.3d 17, 24 (2d Cir. 2004).

"Prior to discovery, a plaintiff challenged by a jurisdiction testing motion may defeat the motion by pleading in good faith, *see* Fed. R. Civ. P. 11, legally sufficient allegations of jurisdiction." *Ball v. Metallurgie Hoboken-Overpelt, S.A.*, 902 F.2d 194, 197 (2d Cir. 1990); *accord Metropolitan Life Ins. Co. v. Robertson-Ceco Corp.*, 84 F.3d 560, 566 (2d Cir. 1996). In deciding a 12(b)(2) motion, the district court may consider materials outside the pleadings, including affidavits and other written materials. *MacDermid, Inc. v. Deiter*, 702 F.3d 725, 727 (2d Cir. 2012); *Bensusan Rest. Corp. v. King*, 937 F.Supp. 295, 298 (S.D.N.Y. 1996), *aff'd*, 126 F.3d 25 (2d Cir. 1997). The court assumes the verity of the allegations "to the extent they are uncontroverted by the defendant's affidavits." *MacDermid, Inc.*, 702 F.3d at 727 (internal quotation marks omitted). Nonetheless, all factual doubts or disputes are to be resolved in the plaintiff's favor. *See, e.g., A.I. Trade Fin., Inc. v. Petra Bank*, 989 F.2d 76, 79-80 (2d Cir. 1993).

In diversity cases such as this, a district court looks to the law of the state in which it sits to determine whether it has personal jurisdiction over foreign defendants. *See Int'l Shoe Co. v. State of Wash., Office of Unemp't Comp. & Placement*, 326 U.S. 310 (1945); *Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*, 171 F.3d 779, 784 (2d Cir. 1999). This Court will therefore look to New York law to determine whether it may exercise personal jurisdiction over the Defendants before analyzing whether personal jurisdiction comports with the Due Process Clause of the United States Constitution. *Spin Master Ltd. v. 158,* 463 F. Supp. 3d 348, 362 (S.D.N.Y. 2020), *adhered to in part on reconsideration*, No. 18-CV-1774 (LJL), 2020 WL 5350541 (S.D.N.Y. Sept. 4, 2020 (citing *Penguin grp. (USA) Inc. v. Am. Buddha,* 609 F. 3d 30, 35

(2d Cir. 2010); *Chloe v. Queen Bee of Beverly Hills, LLC,* 616 F. 3d 158, 163-64 (2d Cir. 2010); and *Licci v. Lebanese Canadian Bank,* 732 F. 3d 161, 168 (2d Cir. 2013)).

## II.     Federal Rule 12(b)(3)

"On a motion to dismiss for improper venue under Rule 12(b)(3), the burden of proof lies with the plaintiff to show that venue is proper." *Detroit Coffee Co., LLC v. Soup for You, LLC*, No. 16-CV-9875 (JPO), 2018 WL 941747, at *1 (S.D.N.Y. Feb. 16, 2018) (internal quotations omitted) (quoting *Cartier v. Micha, Inc.*, No. 06-CV-4699, 2007 WL 1187188, at *2 (S.D.N.Y. Apr. 20, 2007)). Where no evidentiary hearing has been held, "the plaintiff need only make a prima facie showing of [venue]." *Gulf Ins. Co. v. Glasbrenner,* 417 F.3d 353, 355 (2d Cir. 2005) (alterations in original) (internal quotations omitted). "Such a showing 'entails making legally sufficient allegations, including an averment of facts that, if credited, would suffice' to establish that ... venue is proper." *Jenny Yoo Collection, Inc. v. Watters Design Inc.,* No. 16-CV-2205 (VSB), 2017 WL 4997838, at *4 (S.D.N.Y. Oct. 20, 2017) (quoting *BMW of N. Am. LLC v. M/V Courage*, 254 F. Supp. 3d 591, 596–97 (S.D.N.Y. 2017)). In considering whether venue is proper, the Court "must view 'all facts in the light most favorable to the non-moving party.'" *Id*. (quoting *TradeComet.com LLC v. Google, Inc.*, 647 F.3d 472, 475 (2d Cir. 2011)). When considering a Rule 12(b)(3) motion, the court is permitted to consider facts outside the pleadings. *Zaltz v. JDATE*, 952 F. Supp. 2d 439, 447 (E.D.N.Y. 2013). Upon a finding of improper venue, a court may either dismiss the action, or "if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Further, "[e]ven when venue is proper in the Southern District of New York, the Court may transfer an action pursuant to 28 U.S.C § 1404(a)." *Fleur v. Delta Air Lines, Inc.*, No. 15-CV-9513, 2016 WL 551622, at *1 (S.D.N.Y. Feb. 2, 2016) (quoting *Solar v. Annetts*, 707 F. Supp. 2d 437, 441 (S.D.N.Y. 2010)). Specifically, § 1404(a) provides that

4

"[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought...." 28 U.S.C. § 1404(a).

### III. Federal Rule 12(b)(6)

A Rule 12(b)(6) motion challenges the sufficiency of the allegations in the complaint. See *ATSI Commnc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007). To survive a motion under 12(b)(6), a complaint must "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). More specifically, the plaintiff must allege facts sufficient to show "more than a sheer possibility that a defendant acted unlawfully," *id.*, and cannot rely on mere "labels or conclusions" to support a claim. *Twombly*, 550 U.S. at 555. If the plaintiff's pleadings "have not nudged [his or her] claims across the line from conceivable to plausible, [the] complaint must be dismissed." *Id.* at 570.

## DISCUSSION

Defendant raises three main arguments in its motion: (i) the Court lacks personal jurisdiction, both general and specific, over Defendant; (ii) the Southern District of New York is an improper venue for Plaintiff's claim to be brought, and instead this claim should have been filed in the District of Connecticut; and (iii) Plaintiff fails to state a claim upon which relief may be granted, because the statute of limitations has run under Connecticut law. The Court first examines whether it has personal jurisdiction over Defendant, as "jurisdiction should be assessed prior to the issue of venue and any consideration of the merits." *Allied Dynamics Corp. v. Kennametal,*

*Inc.,* 965 F. Supp. 2d 276, 288 (E.D.N.Y. 2013) (citing *Arrowsmith v. United Press Int'l,* 320F.2d 219, 221 (2d Cir. 1963)).

### I. Personal Jurisdiction (12(b)(2))

"[A] court may exercise two types of personal jurisdiction over a corporate defendant properly served with process[:] ... specific (also called 'case-linked') jurisdiction and general (or 'all-purpose') jurisdiction." *Brown v. Lockheed Martin Corp.,* 814 F.3d 619, 624 (2d Cir. 2016). After "determin[ing] whether the defendant is subject to jurisdiction under the law of the forum state—here, New York"—a court must consider "whether the exercise of personal jurisdiction over the defendant comports with the Due Process Clause of the United States Constitution." *Sonera Holding B.V. v. Cukurova Holding A.S.*, 750 F.3d 221, 224 (2d Cir. 2014) (citing *Licci*, 732 F.3d at 168). For the reasons stated below, the Court finds that Plaintiff failed to establish that this Court has general or specific jurisdiction over Defendant University.

### a. *General Jurisdiction*

Pursuant to N.Y. C.P.L.R. § 301 ("§ 301"), a defendant is subject to personal jurisdiction if they are domiciled in New York, served with process in New York, or continuously and systematically does business in New York. *See Landoil Res. Corp. v. Alexander & Alexander Servs., Inc.,* 77 N.Y.2d 28, 33 (1990); *Pichardo v. Zayas*, 122 A.D.3d 699 (2d Dept. 2014); *see also Wells Fargo Bank Minnesota, N.A. v. ComputerTraining.Com, Inc.*, No. 04-CV-0982, 2004 WL 1555110, at *2-3 (S.D.N.Y. July 9, 2004). General jurisdiction permits a court to adjudicate any cause of action against a defendant that meets these criteria, "wherever arising, and whoever the plaintiff." *Brown v. Lockheed Martin Corp.*, 814 F.3d 619, 624 (2d Cir. 2016). "The Supreme Court has further clarified that the appropriate inquiry in determining whether a foreign corporation is subject to general jurisdiction in a state is whether that corporation's in-forum

6

contacts 'are so continuous and systematic as to render [the corporation] essentially at home in the forum State.'" *Thackurdeen v. Duke Univ.*, 130 F. Supp. 3d 792, 799 (S.D.N.Y. 2015), *aff'd*, 660 F. App'x 43 (2d Cir. 2016) (citing *Daimler AG v. Bauman*, ⸺ U.S. ⸺, 134 S. Ct. 746, 761, 187 L.Ed.2d 624 (2014)).

This Court does not have general personal jurisdiction over Defendant. Plaintiff has not alleged that Defendant is domiciled in New York, nor that Defendant was served with process in New York. Plaintiff claims that Defendant is subject to jurisdiction in New York because of their recruiting activities in the State. (Pl.'s Opp. at 9). Plaintiff points specifically to admission interviews and college fairs which took place within the borders of New York State, which Plaintiff attributes to Defendant's ability to recruit 37.9% of their student body from New York. (*Id.*). Such recruiting activities do not amount to continuous and systematic business activities to render Defendant subject to general jurisdiction within New York. A university "cannot be deemed 'at home' in a forum merely because it engages in the sort of minimal and sporadic contact with the state that is common to all national universities." *Thackurdeen,* 130 F. Supp. 3d at 800 (citing cases); *see also Gehling v. St. George's Sch. Of Med., Ltd.,* 773 F. 2d 539, 542 (3d Cir. 1985) ("Advanced educational institutions typically draw their student body from numerous states" and subjecting universities to jurisdiction within each on "non-forum related claims in every state where a member of the student body resides" is "not a permissible result"); *Sutton v. Quinnipiac Univ.*, No. 121-CV-0181 GTSTWD, 2021 WL 5883789 at *3 (N.D.N.Y. Dec. 13, 2021) (finding that a university's student body consisting of a substantial number of students from New York is not sufficient to establish general jurisdiction over the university).

b. *Specific Jurisdiction*

Under New York's long-arm statute, a court has specific jurisdiction over a foreign defendant that: 1) "transacts any business within the state or contracts anywhere to supply goods or services in the state," 2) "commits a tortious act within the state," 3) "commits a tortious act [outside] the state causing injury to person or property within the state," or 4) "owns, uses or possesses any real property situated within the state." N.Y. C.P.L.R. § 302(a).

The first basis for asserting specific jurisdiction is the one in which Plaintiff relies on in order to establish a basis for personal jurisdiction over Defendant. (*See* Pl.'s Opp. at 8-9). "To establish personal jurisdiction under N.Y. C.P.L.R. § 302(a)(1), two requirements must be met: (1) [t]he defendant must have transacted business within the state; and (2) the claim asserted must arise from that business activity." *Licci*, 732 F.3d at 168 (quoting *Solé Resort, S.A. de C.V. v. Allure Resorts Mgmt.*, LLC, 450 F.3d 100, 103 (2d Cir. 2006)).[1] "New York courts have held that a claim arises from a particular transaction when there is 'some articulable nexus between the business transacted and the cause of action sued upon,' or when 'there is a substantial relationship between the transaction and the claim asserted.'" *Best Van Lines, Inc. v. Walker,* 490 F.3d 239, 249 (2d Cir. 2007) (quoting *Sole Resort, S.A. de C.V. v. Allure Resorts Mgmt., LLC,* 450 F.3d 100, 103 (2d Cir. 2006) (alterations omitted)).

Plaintiff has not plausibly asserted that the cause of action sued upon derives from "some articulable nexus" from the alleged business activity by Defendant in New York. *Id.* Plaintiff alleges the "very objective of the defendant's activities in New York" was to recruit and matriculate students therefrom, but there is a lack of a reasonable articulable nexus between those

---

[1] Plaintiff relies on the Supreme Court's decision in *Ford Motor Company v. Montana Eighth Judicial District Court* holding that personal jurisdiction may attach if the defendant's in-state activities "arise out of *or relate to"* an injury which occurred in the forum where the products liability action is brought. 141 S. Ct. 1017, 1025, 1032 (2021) (emphasis in original). *Ford* may readily be differentiated from the instant claim, because in *Ford*, the complained-of injury occurred in the forum state, *id*. at 1027-28; in the instant case, the Plaintiff's injury occurred outside of New York – it occurred in Connecticut. (Compl. ¶6, 17).

objectives and Plaintiff's alleged injuries sustained from her trip-and-fall incident on April 14, 2019, which occurred in Connecticut. (Pl.'s Opp. At 5). *See Camacho v. Northeastern Univ.,* No. 18-CV-10693 (ER), 2019 WL 5190688, at *5 (S.D.N.Y. Oct. 15, 2019) (finding that no articulable nexus existed between a university's recruiting events and plaintiffs ADA website access claim); *Thackurdeen*, 130 F. Supp. 3d at 802 (finding that although a contract served as a causal link in the chain of events leading to the instant tort claim, it is not a sufficient articulable nexus).

Therefore, this Court lacks personal jurisdiction over Defendant.

## II.   Improper Venue (12(b)(3))

Defendant next argues that the matter should be dismissed for lack of proper venue because Defendant is a Connecticut corporation, all alleged events occurred in Connecticut, and this claim could have brought in the District of Connecticut. (Def Br. at 9-10); *see* 28 U.S.C. § 1391.

Plaintiff argues that if the Court finds it does not have personal jurisdiction over Defendant, then the case should be transferred to the District of Connecticut rather than being dismissed outright. (*See* Pl.'s Br. at 12.)  For the reasons set forth below, the Court finds transfer of venue is proper pursuant to 28 U.S.C. § 1406 ("Section 1406").

Upon a finding of improper venue, a court may either dismiss the action, or "if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Under 28 U.S.C. § 1391(b), venue is generally appropriate in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought ..., any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

*See, e.g.*, *Rankel v. Kabateck*, No. 12-CV-216 VB, 2013 WL 7161687, at *3 (S.D.N.Y. Dec. 9, 2013). "Courts enjoy considerable discretion in deciding whether to transfer a case in the interest of justice." *Id.* at *2 (S.D.N.Y. Dec. 9, 2013) (citation omitted).

Because the Defendant is a Connecticut corporation with its principal place of business in Connecticut, the incident alleged took place in Fairfield, Connecticut, and the lawsuit could have been brought in the District of Connecticut, the Court finds that venue in this district is improper. "After finding that venue is wrong, '[w]hether dismissal or transfer is appropriate lies within the sound discretion of the district court.'" *Padilla v. City, Town, or Municipality of Dallas Co., Texas,* No. 3:19-CV-1115(VAB), 2019 WL 3766375, at *3 (D. Conn. Aug. 9, 2019) (quoting *Minnette v. Time Warner*, 997 F.2d 1023, 1026 (2d Cir. 1993)). Transfer should be the usual remedy for improper venue. *See* 17 Moore's Federal Practice ¶ 111.34 (3d ed. 2020) ("Ordinarily, transfer will be in the interest of justice because normally dismissal of an action that could be brought elsewhere is time consuming and justice-defeating.").

The Court finds that it is in the interest of justice to transfer the case rather than dismiss Plaintiff's claim, which may be time-barred in the state of Connecticut if she were required to refile her complaint there at this time.[2] *See Danile v. Am. Bd. Of Emergency Med.,* 428 F.3d 408, 435-436 (2d Cir. 2005) ("A 'compelling reason' for transfer is generally acknowledged when a plaintiff's case, if dismissed, would be time-barred on refiling in the proper forum"); *see also SongByrd, Inc. v. Est. of Grossman,* 206 F.3d 172, 179 (2d Cir. 2000) (a district court lacking personal jurisdiction and venue can transfer the claim to cure both defects). Section 1406 was

---

[2] Under Connecticut law, the statutes of limitations on negligence actions is two years, absent any tolling or COVID-19 related suspension periods which are to be considered. Conn. Gen. Stat. Ann. § 52-584; *see* Conn. Exec. Order No. 2020-7G (March 19, 2020), https://portal.ct.gov/-/media/Office-of-the-Governor/Executive-Orders/Lamont-Executive-Orders/Executive-Order-No-7G.pdf. It is clear that if Plaintiff's claim were to be dismissed, Plaintiff's claim would be time-barred on refiling today.

enacted for the purpose of "avoiding the injustice which had often resulted to plaintiffs from dismissal of their actions merely because they had made an erroneous guess with regard to the existence of some elusive fact of the kind upon which venue provisions often turn." *Goldlawr v. Heiman*, 369 U.S. 463, 466, 82 S. Ct. 913 (1962). Whether transfer is in the interest of justice is dependent on "whether the plaintiff has been diligent in pursuing his claim, whether the opposing party would be unduly prejudiced by the transfer, and whether plaintiff's reason for bringing the case in the wrong forum is analogous to an 'erroneous guess' about an 'elusive fact' which prevents the 'expeditious and orderly adjudication' of the case on the merits." *Gibbons v. Fronton*, 661 F. Supp. 2d 429, 436 (S.D.N.Y. 2009) (citing *Goldlawr,* 369 U.S. at 466).

Here, Plaintiff has been diligent in pursuing its claim, although the Court recognizes there is a dispute as to whether the filing of the claim by Plaintiff was timely by a matter of a few days. (Def. Br. at 12-13); (Pl.'s Opp.at 12); *see Gibbons*, 661 F. Supp. 2d at 436. There is also no suggestion that Plaintiff selected this venue in bad faith. *Cf. Spar, Inc. v. Info. Res., Inc.*, 956 F.2d 392, 394 (2d Cir. 1992) (finding transfer should not be granted where transfer would "reward plaintiffs for their lack of diligence in choosing a proper forum"). As to undue prejudice, Defendant only argues that the case should be dismissed because it is purportedly time-barred under Connecticut law—however, the Court finds that the statute of limitations analysis here is not simple or clear-cut[3], and Defendant does not other provide any other argument that it would be

---

[3] Because of the COVID-19 pandemic and its impact on the court system, Governor Lamont issued an executive order "suspending" all statutes of limitations during the height of the COVID-19 pandemic, including the two-year statute of limitations on negligence actions. Conn. Gen. Stat. Ann. § 52-584; Conn. Exec. Order No. 2020-7G ("Exec. Order 7G") (March 19, 2020), https://portal.ct.gov/-/media/Office-of-the-Governor/Executive-Orders/Lamont-Executive-Orders/Executive-Order-No-7G.pdf; *see Capua v. Hill*, No. HHDCV216140492s, 2021 WL 4906017 (Conn. Super. Ct. Sept. 24, 2021) (rejecting the argument that Exec. Order 7G did not toll the statute of limitations and instead suspended its enforcement). Because of the effect of this executive order, the timeliness of Plaintiff's filings is in question by a matter of days. Defendant relies on arguments made by defendants in other suits that enforcement of the statute of limitations was suspended under Exec. Order 7G—much like the defendant in *Capua*—not tolled, and that this issue of interpretation has not been settled by the Connecticut Supreme Court. (Def. Br. at 12). In the alternative, Defendant relies on Connecticut law which says "'a civil action is commenced upon service on the defendant,' not

prejudiced. On the other hand, "transferring the case does not prejudice the defendants, but failing to transfer it would deprive [Plaintiff] of an opportunity to litigate [its] complaint on the merits." *Id*. at 437.

Accordingly, the Court finds transfer to be in the interests of justice. *See Open Solutions Imaging Sys., Inc. v. Horn*, No. 03-CV-2077, 2004 WL 1683158, at *7 (D. Conn. July 27, 2004) ("[I]n most cases of improper venue the courts conclude that it is in the interest of justice to transfer...."); *see also Deskovic v. City of Peekskill*, 673 F. Supp. 2d 154, 172 (S.D.N.Y. 2009) (noting that "[d]ismissal is a severe penalty" (internal quotation marks omitted)).

For the above reasons, this case is to be transferred to the U.S. District Court for the District of Connecticut pursuant to Section 1406.[4]

## **CONCLUSION**

For the foregoing reasons, the motion to dismiss based on lack of personal jurisdiction and lack of venue is GRANTED, and the action is to be TRANSFERRED without delay to the District of Connecticut pursuant to 28 U.S.C. § 1406(a).

---

upon filing suit." *Luctama v. Knickerbocker*, No. 19-CV 8717-(VB), 2020 WL 1503563 at *5 (S.D.N.Y. Mar. 30, 2020); (Def. Br. at 12).  Because Defendant was served on March 31, 2022, Defendant argues the claims are time-barred. Plaintiff, on the other hand, relies on Conn. Gen. Stat. § 52-593a which provides, in relevant part, "a cause or right of action shall not be lost because of the passage of the time limited by law within which the action may be brought, if the process to be served is personally delivered to a state marshal, constable or other proper officer within such time and the process is served, as provided by law, within thirty days of delivery." (*See* Pl.'s Opp. at 14).  Because Plaintiff filed the action on March 21, 2022, and Defendant was served within 30 days of filing, Plaintiff argues the action is timely.

[4] This Court need not decide the issue of whether Plaintiff's claim should be dismissed under Fed. R. Civ. P. 12(b)(6) as time-barred under Connecticut law, because this action is to be transferred to the U.S. District Court for the District of Connecticut.

Accordingly, the Clerk of the Court is respectfully directed to terminate Defendant's Motion to Dismiss at ECF No. 13. The Clerk of Court need not adhere to Local Rule 83.1 and may transfer this action to the District of Connecticut immediately.

Dated: March 1, 2023                            SO ORDERED:
      White Plains, New York

                                                        NELSON S. ROMÁN
                                                        United States District Judge